IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY L. AVERITT (and Third-Party Plaintiff) )<br>and LYNN B. AVERITT, )<br>)<br>Defendants. )<br>)<br>v. )<br>)<br>AVERITT HARDWOODS INTERNATIONAL, )<br>INC., JUNE M. AVERITT, and KENNETH R. )<br>AVERITT, )<br>)<br>Third-Party Defendants. ) | Civil No. 3:07-0013<br>Judge Trauger |

**MEMORANDUM and ORDER**

Third-party defendants Kenneth R. and June M. Averitt and third-party defendant Averitt Hardwoods International, Inc. have filed Motions to Dismiss the Third-Party Complaint. (Docket Nos. 19, 21) Defendant and Third-Party Plaintiff Larry L. Averitt has filed a Response. (Docket No.25)

Citing Tennessee law, the third-party defendants argue that third-party plaintiff Larry Averitt's claims for contribution and indemnification against them do not yet exist and that, therefore, the third-party complaint should be dismissed for failure to state a claim. Larry Averitt does not dispute the notion that his third-party claims may not yet be ripe under the substantive law of Tennessee. However, he is correct in his assertion that Rule 14(a), FED.R.CIV.P., allows a third-party defendant to be brought into an action when that party "is or

1

may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." This rule, which has been interpreted as procedural under the *Erie* doctrine, allows the acceleration of claims of this sort in the interest of efficiency, consistency and judicial economy. The "impleader rule will never subject the third-party defendant to liability for a claim that is not recognized by the governing law. Instead, the impleader rule will simply accelerate the time in which that claim is presented against him." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.05[2] (3d ed. 2006); *see also Commercial Credit Dev. Corp v. Scottish Inns of Am., Inc.*, 69 F.R.D. 110, 114 (E.D. Tenn. 1975).

For the reasons expressed herein, the Motions to Dismiss (Docket Nos. 19, 21) are **DENIED**.

It is so **ORDERED**.

ENTER this 4th day of April 2007.

ALETA A. TRAUGER
U.S. District Judge